# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEPHONNE D. EASTER**                                                               **PLAINTIFF**

**v.**                                **No: 4:21-cv-01163 LPR-PSH**

**TONYA GREER,** *et al.*                                                   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Stephonne D. Easter filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 29, 2021 (Doc. No. 2).[1] Easter was subsequently granted *in*

---

[1] In its initial order to Easter, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Easter that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

*forma pauperis* status (Doc. No. 3), and his amended complaint was served on defendant Tonya Greer (Doc. No. 7).

On April 15, 2022, Greer filed a motion to dismiss Easter's complaint pursuant to Local Rule 5.5(c)(2). She specifically asserted that Easter was no longer in custody at his last known address, the Pulaski County Detention Facility and that he failed to keep the Court and the defendant apprised of his current address as required by the local rule. Doc. No. 16 & 17. Greer provided an affidavit of attempted service (Doc. No. 18) and attached a copy of the returned mail (Doc. No. 18-2). The Court entered a text order the same day directing Easter to respond to the Defendants' motion to dismiss within fourteen days (Doc. No. 19). Easter was warned that should he fail to respond, the Court would decide the defendant's motion without his input.

Other mail sent to Easter was then returned as undeliverable, *see* Doc. No. 21, and the Court entered a text order on May 4, 2022, directing Easter to provide notice of his current mailing address within the next 30 days. Doc. No. 22. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The Court's May 4 order could not be delivered to Easter, and the envelope was returned to the Clerk of the Court and entered on the docket. Doc. No. 24.

More than 30 days have passed, and Easter has not complied or otherwise responded to the May 4 order or the motion to dismiss. The Court finds that Easter failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2) and as outlined in this Court's Initial Order for *Pro Se* Prisoner-Plaintiffs (Doc. No. 3). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Greer's motion to dismiss (Doc. No. 16) be granted and that Easter's complaint and amended complaint (Doc. Nos. 2 & 5) be dismissed without prejudice.

DATED this 8th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE